UNITED STATES DISTRICT COURT
SOUTHERN DISCTRICT OF NEW YORK
-------------------------------------------------------------X
MOHAMMED ISLAM, individually and on behalf
of all others similarly situated,

                     Plaintiff,

             -against-

LX AVENUE BAGELS, INC. d/b/a TAL BAGELS,
AMIR RAM BAGELS, INC. d/b/a TAL BAGELS,
TAL ON 1ST INC. d/b/a TAL BAGELS,
MOHAMMED KAMAL, IMANUEL HALON,
AMIR RAM, and HOSSAM ZEBIB, in their individual
capacities,

                  Defendants.
-------------------------------------------------------------X

**Case No.**

**CLASS AND
COLLECTIVE ACTION
COMPLAINT**

**Jury Trial Demanded**

       Plaintiff Mohammed Islam ("Plaintiff" or "Islam") alleges on behalf of himself and all others similarly situated, against LX Avenue Bagels, Inc. d/b/a Tal Bagels ("LX Avenue Bagels"), Amir Ram Bagels, Inc. d/b/a Tal Bagels ("Amir Ram Bagels"), Tal on 1st Inc. d/b/a Tal Bagels ("Tal on 1st"), Mohammed Kamal ("Kamal"), Imanuel Halon ("Halon"), Amir Ram ("Ram") and Hossam Zebib ("Zebib") (collectively, "Defendants" or "Tal Bagels"), upon information and belief, as follows:

<u>**NATURE OF THE CLAIMS**</u>

       1.     LX Avenue Bagels, Amir Ram Bagels and Tal on 1st operate as bagel stores that sell bagels and other deli items for consumption on its premises and/or delivery.

       2.     LX Avenue Bagels, Amir Ram Bagels and Tal on 1st operate and do business as "Tal Bagels."

3.      Islam was a long-standing employee of Tal Bagels.  He was dedicated not only to his job but also to Defendants, as underscored by his twenty-one year employment at the company.  Islam was a reliable and diligent worker, who agreed to work wherever and whenever he was asked to do so by Defendants.

4.      Defendants maintained a pattern and practice of failing to pay Islam and other non-exempt employees, including cashiers, delivery personnel, cooks, porters, dishwashers and deli workers, the minimum wage rate for all hours worked, the overtime rate of one-and-one half (1 ½) times the regular hourly rate/applicable minimum wage rate for all hours worked in excess of forty per week, and spread-of-hours pay for each workday their shift or shifts exceeded 10 hours per day.

5.      Defendants regularly paid Islam and other non-exempt employees a flat weekly salary, in cash, for all hours worked, including hours over forty.  This payroll scheme is an obvious and willful avoidance of Defendants' obligation to pay minimum wage and overtime, as required under state and federal law.

6.      Defendants also failed to furnish annual wage notices and wage statements and failed to maintain an accurate record keeping of hours worked and wages paid to Islam and similarly situated employees.

7.      Defendants have systematically and repeatedly ignored the requirements of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the New York Labor Law § 190, *et seq.* ("NYLL").  Islam, on behalf of himself and similarly situated employees, seeks relief for Defendants' unlawful actions, including compensation for unpaid minimum wages, overtime wages, spread-of-hours pay, liquidated damages, pre- and post-judgment interest, compensatory damages, and attorneys' fees and costs, pursuant to the FLSA and NYLL.

8.      Islam also seeks to recover damages to redress the injuries he suffered as the result of being retaliated against by Defendants for complaining about improper pay practices and his misclassification as an independent contractor in violation of NYLL § 215.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

10.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 as Plaintiff resides in this district and because Defendants' businesses are located in this district.

11.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Plaintiff**

12.     Islam was and is a resident of Bronx County, New York.

13.     From approximately December 1996 to September 4, 2017, Islam worked as a cashier, delivery person, cook, porter, dish washer and deli worker at LX Avenue Bagels, Amir Ram Bagels and Tal on 1st.

14.     At all times relevant to this action, Islam has been an employee engaged in commerce or the production of goods for commerce on behalf of Defendants.

15.     At all times relevant to this action, Islam has been an employee of LX Avenue Bagels, Amir Ram Bagels and Tal on 1st within the meaning of the FLSA and NYLL.

**Corporate Defendants**

16.    LX Avenue Bagels, Inc. was and is a domestic business corporation organized and existing under the laws of New York, with its principle place of business located at 1228 Lexington Avenue, New York, New York 10028.

17.    LX Avenue Bagels is a business or enterprise engaged in interstate commerce within the meaning of the FLSA.

18.    LX Avenue Bagels has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in produced for commerce by any person.

19.    LX Avenue Bagels has an annual gross volume of sales in excess of $500,000.

20.    At all times relevant to this action, LX Avenue Bagels has been an employer of Plaintiff within the meaning of the FLSA and NYLL.

21.    Amir Ram Bagels, Inc. was and is a business corporation organized and existing under the laws of New York, with its principle place of business located at 333 East 86th Street, New York, New York 10028.

22.    Amir Ram Bagels is a business or enterprise engaged in interstate commerce within the meaning of the FLSA.

23.    Amir Ram Bagels has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in produced for commerce by any person.

24.    Amir Ram Bagels has an annual gross volume of sales in excess of $500,000.

25.    At all times relevant to this action, Amir Ram Bagels has been an employer of Plaintiff within the meaning of the FLSA and NYLL

26.     Tal on 1st, Inc. was and is a business corporation organized and existing under the laws of the New York, with its principle place of business located at 333 East 86th Street, New York, New York 10028.

27.     Tal on 1st is a business or enterprise engaged in interstate commerce within the meaning of the FLSA.

28.     Tal on 1st has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in produced for commerce by any person.

29.     Tal on 1st has an annual gross volume of sales in excess of $500,000.

30.     At all times relevant to this action, Tal on 1st has been an employer of Plaintiff within the meaning of the FLSA and NYLL.

**Individual Defendants**

31.     Kamal, upon information and belief, was and is a resident of State of New York.

32.     At all times relevant to this action, Kamal served as a principal, officer, owner and/or manager of LX Avenue Bagels, Amir Ram Bagels and Tal on 1st.

33.     At all times relevant to this action, Kamal was Plaintiff's supervisor and/or manager during his employment with the Defendants.

34.     Kamal possesses or possessed operational control and policy making authority, an ownership interest, or significant control of LX Avenue Bagels, Amir Ram Bagels and Tal on 1st.

35.     Kamal exercised the power and authority to hire and fire employees, establish the rate and method of pay of employees, determine work schedules, control labor relations and personnel policies, maintain employment records, and determine terms and conditions of employment of Plaintiff, the FLSA Collective and the Rule 23 Class.

36.     Employees of LX Avenue Bagels, Amir Ram Bagels and Tal on 1st could complain to Kamal directly regarding any of the terms of their employment, and Kamal would have the authority to effect any changes to the quality and terms of their employment.

37.     The acts of LX Avenue Bagels, Amir Ram Bagels and Tal on 1st charged in this Complaint were authorized, directed or accomplished by Kamal individually, by himself or his agents, officers, employees or representatives, while actively engaged in the management of LX Bagels, Amir Ram Bagels and Tal on 1st.

38.     Kamal is personally and jointly and severally liable for the violations of the FLSA and NYLL by LX Avenue Bagels, Amir Ram Bagels and Tal on 1st.

39.     Halon, upon information and belief, was and is a resident of State of New York.

40.     At all times relevant to this action, Halon served as a principal, officer, owner and/or manager of LX Avenue Bagels, Amir Ram Bagels and Tal on 1st.

41.     Halon possesses or possessed operational control and policy making authority, an ownership interest, or significant control of LX Avenue Bagels, Amir Ram Bagels and Tal on 1st.

42.     Halon exercised the power and authority to hire and fire employees, establish the rate and method of pay of employees, determine work schedules, control labor relations and personnel policies, maintain employment records, and determine terms and conditions of employment of Plaintiff, the FLSA Collective and the Rule 23 Class.

43.     Employees of LX Avenue Bagels, Amir Ram Bagels and Tal on 1st could complain to Halon directly regarding any of the terms of their employment, and Halon would have the authority to effect any changes to the quality and terms of their employment.

44.     The acts of LX Avenue Bagels, Amir Ram Bagels and Tal on 1st charged in this Complaint were authorized, directed or accomplished by Halon individually, by himself or his

agents, officers, employees or representatives, while actively engaged in the management of LX Avenue Bagels, Amir Ram Bagels and Tal on 1st.

45.     Halon is personally and jointly and severally liable for the violations of the FLSA and NYLL by LX Avenue Bagels, Amir Ram Bagels and Tal on 1st.

46.     Ram, upon information and belief, was and is a resident of State of New York.

47.     At all times relevant to this action, Ram served as a principal, officer, owner and/or manager of LX Avenue Bagels, Amir Ram Bagels and Tal on 1st.

48.     Ram possesses or possessed operational control and policy making authority, an ownership interest, or significant control of LX Avenue Bagels, Amir Ram Bagels and Tal on 1st.

49.     Ram exercised the power and authority to hire and fire employees, establish the rate and method of pay of employees, determine work schedules, control labor relations and personnel policies, maintain employment records, and determine terms and conditions of employment of Plaintiff, the FLSA Collective and the Rule 23 Class.

50.     Employees of LX Avenue Bagels, Amir Ram Bagels and Tal on 1st could complain to Ram directly regarding any of the terms of their employment, and Ram would have the authority to effect any changes to the quality and terms of their employment.

51.     The acts of LX Avenue Bagels, Amir Ram Bagels and Tal on 1st charged in this Complaint were authorized, directed or accomplished by Ram individually, by himself or his agents, officers, employees or representatives, while actively engaged in the management of LX Avenue Bagels, Amir Ram Bagels and Tal on 1st.

52.     Ram is personally and jointly and severally liable for the violations of the FLSA and NYLL by LX Avenue Bagels, Amir Ram Bagels and Tal on 1st.

53.     Zebib, upon information and belief, was and is a resident of State of New York.

54.     At all times relevant to this action, Zebib served as a principal, officer, owner and/or manager of LX Avenue Bagels, Amir Ram Bagels and Tal on 1st.

55.     Zebib was Plaintiff's supervisor and/or manager during his employment with the Defendants.

56.     Zebib possesses or possessed operational control and policy making authority, an ownership interest, or significant control of LX Avenue Bagels, Amir Ram Bagels and Tal on 1st.

57.     Zebib exercised the power and authority to hire and fire employees, establish the rate and method of pay of employees, determine work schedules, control labor relations and personnel policies, maintain employment records, and determine terms and conditions of employment of Plaintiff, the FLSA Collective and the Rule 23 Class.

58.     Employees of LX Avenue Bagels, Amir Ram Bagels and Tal on 1st could complain to Zebib directly regarding any of the terms of their employment, and Zebib would have the authority to effect any changes to the quality and terms of their employment.

59.     The acts of LX Avenue Bagels, Amir Ram Bagels and Tal on 1st charged in this Complaint were authorized, directed or accomplished by Zebib individually, by himself or his agents, officers, employees or representatives, while actively engaged in the management of LX Avenue Bagels, Amir Ram Bagels and Tal on 1st.

60.     Zebib is personally and jointly and severally liable for the violations of the FLSA and NYLL by LX Avenue Bagels, Amir Ram Bagels and Tal on 1st.

**Defendants Are Joint Employers of Plaintiff**

61.     At all times relevant to this action, and as a matter of economic reality, Defendants were employers and/or joint employers of Plaintiff and similarly situated employees within the meaning of the FLSA and NYLL.

62.     Facts that demonstrate that Defendants were Plaintiff's employers include:

a.     Defendants all suffered or permitted Plaintiff and similarly situated employees to work.

b.     Each of the Defendants acted directly or indirectly in the interest of one another in relation to Plaintiff and similarly situated employees.

c.     Defendants all simultaneously benefitted from Plaintiff's work.

d.     Defendants each had either functional and/or formal control over the terms and conditions of work of Plaintiff and similarly situated employees.

e.     Plaintiff and similarly situated employees performed work integral to each Defendant's operation.

f.     Each Defendant had substantial control over Plaintiff's working conditions and over the unlawful policies and practices alleged herein.

63.     Defendants' operations were interrelated and unified.

64.     Defendants shared a common management and was centrally controlled and/or owned by Defendants.

65.     Kamal and Zebib visited LX Avenue Bagels, Amir Ram Bagels and Tal on 1st each day to direct, manage, and supervise employees, inspect each store, check inventory and ensure that each store's equipment was in order.

66.     As listed on its website (www.talbagelsny.com), Tal Bagels has three locations:  (i) Upper East Side location located at 1228 Lexington Avenue, New York, NY 10028 ("Lexington Avenue" location), which is the address of LX Avenue Bagels; (ii)  Upper East Side location located at 333 East 86th Street, New York, NY 10028 ("86th Street" location), which is the address of Amir Ram Bagels and Tal on 1st; and (iii) Lower East Side location located at 357 1st Avenue, New York, NY 10010 ("1st Avenue" location), which is the address of the additional location of Tal on 1st.

9

67.     The business card of Tal Bagels list the addresses of all three locations of Tal Bagels, that is, the Lexington Avenue location (LX Avenue Bagels), the 86th Street location (Amir Ram Bagels/Tal on 1st) and the 1st Avenue location (Tal on 1st).

68.     Despite the location in which Plaintiff and similarly situated employees worked, the uniform required to be worn by employees at all three bagel stores had the same business name, "Tal Bagels," printed on each uniform.

69.     Regardless of the corporate name of each entity, the store front and menus at each location said "Tal Bagels."

70.     Kamal and Zebib distributed to Plaintiff and similarly situated employees their salary each week at all three bagel store locations.

71.     Plaintiff and similarly situated employees were transferred and shared between LX Avenue Bagels, Amir Ram Bagels and Tal on 1st.

72.     Indeed, during Plaintiff's employment with Defendants, Defendants directed Plaintiff to work at all three bagel store locations at various times as needed.

**<u>FLSA COLLECTIVE ALLEGATIONS</u>**

73.      Plaintiff brings claims for relief as a collective action pursuant to the FLSA, 29 U.S.C § 216(b), on behalf of all non-exempt employees of LX Avenue Bagels, Amir Ram Bagels, or Tal on 1st, including cashiers, delivery persons, cooks, porters, dishwashers and deli workers, employed by Defendants at any time three years prior to the filing of this action through the entry of judgment in this action (the "FLSA Collective").

74.     The FLSA Collective consists of approximately one hundred similarly situated current and former non-exempt employees of LX Avenue Bagels, Amir Ram Bagels, or Tal on 1st,

who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA, *inter alia*, by denying them minimum wage, overtime pay and other monies.

75.     As part of their regular business practices, Defendants have intentionally, willfully, repeatedly, and in bad faith harmed Plaintiff and the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA.  This policy and pattern or practice includes, *inter alia*, the following:

a.  Failing to pay Plaintiff and the FLSA Collective minimum wage for all hours worked; and,

b.  Failing to pay Plaintiff and the FLSA Collective the proper overtime pay for all hours worked over forty per week.

76.     Defendants have engaged in this unlawful conduct pursuant to a policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

77.     Defendants' unlawful conduct has been intentional, willful, in bad faith and has caused damage to Plaintiff and the FLSA Collective.

78.     The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit.  Those similarly situated employees are known to Defendants, are readily identifiable by Defendants, and are locatable through Defendants' records, which Defendants are required to maintain pursuant to the FLSA and NYLL.  These similarly situated employees should be notified of and allowed to opt into this action pursuant to 29 U.S.C. § 216(b).

## RULE 23 CLASS ALLEGATIONS – NEW YORK

79.     Plaintiff bring claims for relief as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of a class consisting of himself and all current and former non-exempt employees of LX Avenue Bagels, Amir Ram Bagels, or Tal on 1st including but not limited to cashiers, delivery personnel, cooks, porters, dishwashers and deli workers, at any time six years prior to the filing of this action through the entry of judgment in this action (the "Rule 23 Class").

80.     The persons in the Rule 23 Class are so numerous that joinder of all members is impracticable.  The exact number of the Rule 23 Class is unknown to Plaintiff at this time, but there are believed to be 100 such persons.

81.     The identities of the Rule 23 Class members are known to the Defendants and are contained in the employment records that the Defendants are required to create and maintain pursuant to the FLSA and NYLL.

82.     Commons questions of law and fact exist as to all members of the Rule 23 Class that predominate over any questions affecting solely individual members.  Among the questions of law and fact common to the Rule 23 Class are:

   a.  Whether Defendants failed to pay the Rule 23 Class minimum wage for each hour worked;

   b.  Whether Defendants failed to pay the Rule 23 Class overtime compensation at a rate of one and one half times their regular hourly rate/applicable minimum wage rate for all hours worked over 40 in a workweek in violation of the NYLL;

   c.  Whether Defendants failed to pay the Rule 23 Class spread-of-hours pay for each workday that a shift or shifts exceeded 10 hours per day.

   d.  Whether Defendants failed to furnish the Rule 23 Class with an accurate statement of all wages, hours worked, rates paid, and gross wages as required by the NYLL and supporting regulations;

   e.  Whether Defendants failed to furnish the Rule 23 Class with wage notices as required by the NYLL and supporting regulations; and,

   f.   Whether Defendants failed to keep true and accurate pay records, records for all hours/shifts worked by the Rule 23 Class, and other records required by the NYLL.

83.    The claims of Plaintiff are typical of the claims of the Rule 23 Class he seeks to represent.  Plaintiff and the Rule 23 Class work or have worked for Defendants within the six years prior to the filing of this action.  They enjoy the same statutory rights under the NYLL to be paid the correct minimum wage, to be paid overtime wages for all hours worked in excess of 40 in a workweek, to be paid spread-of-hours pay for workdays that their shift or shifts exceeded 10 hours per day, to be given wage notices at the time of hire and annually and to be issued wage statements at the end of each pay period.  Plaintiff and the Rule 23 Class have sustained similar types of damages as a result of Defendants' failure to comply with the NYLL.

84.    Plaintiff and Rule 23 Class have all been injured in that they have been under-compensated due to Defendants' common policies, practices, and patterns of conduct.

85.    Plaintiff will fairly and adequately represent and protect the interests of the members of the Rule 23 Class.

86.    Plaintiff has retained counsel competent and experienced in wage and hour litigation and class action litigation.

87.    There is no conflict between Plaintiff and the Rule 23 Class members.

88.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' common policies, practices and procedures.  Although the relative damages suffered by the individual class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  Individual plaintiffs lack the financial resources necessary to conduct a thorough examination of

Defendants' compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages. In addition, class action litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

89.     This action is properly maintainable as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

## PLAINTIFF'S FACTUAL ALLEGATIONS

90.     In or around December 1996, Plaintiff commenced employment at Tal Bagels.

91.     From approximately December 1996 to December 2014, Plaintiff worked at the 86th Street location (Amir Ram Bagels/Tal on 1st).

92.     During this time, Plaintiff reported to Kamal and Zebib.

93.     From approximately January 2015 to December 2016, pursuant to Defendants' directives, Plaintiff worked at all three locations of Tal Bagels, that is, the Lexington Avenue location (LX Avenue Bagels), the 86th Street location (Amir Ram Bagels/Tal on 1st) and the 1st Avenue location (Tal on 1st).

94.     During this time, Plaintiff report to Kamal and Zebib.

95.     From approximately January 2017 to September 4, 2017, pursuant to Defendants' directives, Plaintiff worked at the Lexington Avenue location (LX Avenue Bagels).

96.     During this time, Plaintiff reported to Kamal and Zebib.

97.     Throughout the duration of his employment with Defendants, Plaintiff was a non-exempt employee. He was assigned various roles by Defendants, including but not limited to, cashier, delivery person, cook, porter, dish washer and deli worker.

98.     Throughout the duration of his employment with Defendants, Plaintiff performed his duties and responsibilities satisfactorily.

99.     At all times herein relevant, Plaintiff generally worked the following schedule during his employment with Defendants:

      a.  From approximately December 2011 to December 2012, Plaintiff regularly worked from 5:00 a.m. to 5:00 p.m., six days per week, for approximately 72 hours per week.  Once per month, he worked seven days per week, from 5:00 a.m. to 5:00 p.m., for approximately 84 hours per week. During this time, Plaintiff was paid a flat weekly salary of $350.00 per week, including those over 40.

      b.  From approximately January 2013 to December 2014, Plaintiff worked from 5:00 a.m. to 5:00 p.m., six days per week, for approximately 72 hours per week.  Once per month, he worked seven days per week, from 5:00 a.m. to 5:00 p.m., for approximately 84 hours per week.  During this time, Plaintiff was paid a flat weekly salary of $400.00 per week, including those over 40.

      c.  From approximately January 2015 to December 2016, Islam worked from 5:00 a.m. to 5:00 p.m., six days per week, for approximately 72 hours per week.  Once per month, he worked seven days per week, from 5:00 a.m. to 5:00 p.m., for approximately 84 hours per week.  During this time, Islam was paid a flat weekly salary of $500.00 per week, including those over 40.

      d.  From approximately January 2017 to September 4, 2017, Plaintiff worked from 5:00 a.m. to 5:00 p.m., six days per week, for approximately 72 hours per week.  Once per month, he worked seven days per week, from 5:00 a.m. to 5:00 p.m., for approximately 84 hours per week.  During this time, Islam was paid a flat weekly salary of $600.00 per week, including those over 40.

100.    Throughout the duration of his employment with Defendants, Defendants paid Plaintiff solely in cash.

101.    Throughout the duration of his employment with Defendants, Defendants failed to pay Plaintiff the applicable minimum wage rate in accordance with the FLSA and NYLL.

102.    Throughout the duration of his employment with Defendants, Plaintiff regularly worked more than 40 hours per week but was not paid overtime pay at the time-and-one-half rate by Defendants.

103.    Throughout the duration of his employment with Defendants, Plaintiff regularly worked more than 10 hours in a day but was not paid spread-of-hours pay.

104.    Defendants failed to keep accurate records of wages earned or hours worked by Plaintiff.

105.    Defendants failed to furnish Plaintiff with annual wage notices, as required under the NYLL.

106.    Defendants failed to furnish Plaintiff Islam with accurate statements of wages, hours worked, and rates paid at the end of each pay period, as required under the NYLL.

107.    Plaintiff received his salary every Sunday in cash with no accompanying statement to indicate his hourly rate, number of regular hours worked, overtime hours worked, and tax and other deductions taken from gross pay.

108.    Plaintiff was economically dependent upon Defendants and was not in business for himself:

> a.    Defendants controlled the terms and conditions of Plaintiff's employment.  For example, Defendants unilaterally determined Plaintiff's location of work, work assignments, work schedule, rate of pay, method of pay and did not allow Plaintiff to work at his own convenience.  Defendants further had the power to hire, fire and discipline Plaintiff and required Plaintiff to work according to the specific instructions of Defendants;
>
> b.    Plaintiff did not require a high degree of skill and/or independent initiative to perform his work;
>
> c.    Plaintiff was a long-term employee who was not free to engage in other employment; and,
>
> d.    Plaintiff's work as a cashier, delivery person, cook, porter, dish washer and deli worker was an integral part of Defendants' business.

109.    On or about January 2017, despite exerting significant control over the terms and conditions of Plaintiff's employment, Defendants improperly classified Plaintiff as an independent

contractor and reported a portion of his income on a 1099 form, in an effort to circumvent the overtime requirements of the FLSA and NYLL.

110. Plaintiff complained to Kamal that he was improperly classified as an independent contractor and that Defendants were required to provide him with a W-2 form as he was in previous years. Plaintiff further complained that he was not being paid proper wages pursuant to state and federal law.

111. Kamal curtly stated that Plaintiff should "pay [his] own taxes" and dismissed Plaintiff's complaint about his pay.

112. Plaintiff made several complaints to Defendants about his pay and improper classification, only to be ignored.

113. From approximately June 2017 to September 3, 2017, Plaintiff went on a scheduled vacation to Bangladesh. This was his first vacation in approximately nine years.

114. On or about September 4, 2017, Defendants terminated Plaintiff's employment in retaliation for complaining about his pay and misclassification.

115. On or about October 21, 2017, after Plaintiff secured alternate employment, Kamal threatened, harassed and intimidated Plaintiff via text message. Plaintiff did not respond.

116. On or about October 22, 2017, Kamal again sent Plaintiff another text message to threaten and further intimidate Plaintiff. Plaintiff similarly did not respond.

117. On or about December 12, 2017, after learning of Plaintiff's intention to bring this action, Ram visited Plaintiff at his place of employment and demanded that he discontinue his claims against Defendants, and in exchange, promised to re-employ him at a higher rate of pay. Plaintiff rejected his offer and advised him to stop communicating with him.

17

118.    Undeterred, on or about December 14, 2017, Zebib visited Plaintiff at his place of employment and demanded that he cease working at that company and come back to work for Defendants.  Plaintiff rejected his offer and again advised him to stop communicating with him.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act – Unpaid Minimum Wage**
**(On Behalf of Plaintiff and the FLSA Collective)**

119.    Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

120.    Defendants were required to pay Plaintiff and the FLSA Collective the applicable federal minimum wage rate.

121.    Defendants failed to pay Plaintiff and the FLSA Collective the minimum wages to which they are entitled under the FLSA.

122.    Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective.

123.    Defendants' violations of the FLSA described above have been willful, and therefore, a three year statute of limitations applies to this matter pursuant to the FLSA, 29 U.S.C. § 255(a).

124.    As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective are entitled to recover from Defendants their unpaid minimum wages, liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees, and costs and disbursements of this action pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### New York Labor Law – Unpaid Minimum Wage
### (On Behalf of Plaintiff and the Rule 23 Class)

125.     Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

126.     Defendants failed to pay Plaintiff and the Rule 23 Class the minimum wages to which they are entitled under the NYLL.

127.     Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff and the Rule 23 Class minimum hourly wages.

128.     As a result of Defendants' willful violations of the NYLL, Plaintiff and the Rule 23 Class are entitled to recover from Defendants their unpaid minimum wages, liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees, and costs and disbursements of this action pursuant to NYLL §§ 663(1), *et seq.*

## THIRD CAUSE OF ACTION
### Fair Labor Standard Act – Unpaid Overtime
### (On Behalf of Plaintiff and the FLSA Collective)

129.     Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

130.     Defendants are employers within the meaning of 29 U.S.C §§ 203(e) and 206(a), and employed Plaintiff.

131.     Defendants were required to pay Plaintiff and the FLSA Collective one and one-half (1 ½) times the regular rate of pay/applicable minimum wage rate for all hours worked in excess of 40 hours in a workweek.

132.     Defendants failed to pay Plaintiff and the FLSA Collective the overtime wages to which they were entitled under the FLSA.

133.     Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff and the FLSA Collective overtime wages.

134.     Defendants' violations of the FLSA described above have been willful, and therefore, a three year statute of limitations applies to this matter pursuant to the FLSA, 29 U.S.C. § 255(a).

135.     As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees, and costs and disbursements of this action pursuant to 29 U.S.C. § 216(b).

**FOURTH CAUSE OF ACTION**
**New York Labor Law – Overtime Wages**
**(On Behalf of Plaintiff and the Rule 23 Class)**

136.     Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

137.     Under the NYLL and supporting New York State Department of Labor Regulations, Defendants were required to pay Plaintiff and other non-exempt employees one and one half (1 ½) times the regular rate of pay/applicable minimum wage rate for all hours they worked in excess of forty.

138.     Defendants failed to pay Plaintiff and the Rule 23 Class the overtime wages to which they were entitled under the NYLL.

139.     Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff and the Rule 23 Class overtime wages.

140.     As a result of Defendants willful violations of the NYLL, Plaintiff and the Rule 23 Class are entitled to recover their unpaid overtime wages, liquidated damages, pre-judgment and post-judgment interest, attorneys' fees, and costs and disbursements of this action pursuant to NYLL §§ 663(1), *et seq*.

**FIFTH CAUSE OF ACTION**
**New York Labor Law– Unpaid Spread-of-Hours**
**(On Behalf of Plaintiff and the Rule 23 Class)**

141.    Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

142.    Defendants have willfully failed to pay Plaintiff and the Rule 23 Class additional compensation of one hour's pay at the minimum hourly wage rate in all instances where Plaintiff and the Rule 23 Class worked either a split shift or more than 10 hours per day, in violation of the NYLL §§ 650, *et seq.* and the regulations promulgated thereunder including N.Y. Comp. Code R. & Regs. Tit. 12 §§ 137-1.7 (2010), 146-1.6 (2012).

143.    As a result of Defendants willful violations of the NYLL, Plaintiff and the Rule 23 Class are entitled to recover unpaid spread-of-hours compensation, liquidated damages, pre-judgment and post-judgment interest, attorneys' fees, and costs and disbursements of this action pursuant to the NYLL.

**SIXTH CAUSE OF ACTION**
**New York Labor Law – Wage Theft Prevention Act**
**(On Behalf of Plaintiff and the Rule 23 Class)**

144.    Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

145.    Defendants violated NYLL § 195(1) by failing to furnish Plaintiff and the Rule 23 Class, at the time of hiring and on or before February 1st of each subsequent year of employment (when applicable), with a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designed by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office of principal place of business,

and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

146.    Due to Defendants' violations of NYLL§ 195(1), Plaintiff and the Rule 23 Class are each entitled to statutory penalties of $50.00 for each workday that Defendants failed to provide wage notices, up to a maximum of $5,000 each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided by NYLL § 198(1-b).

147.    Defendants violated  NYLL § 195(3) by failing to furnish Plaintiff and the Rule 23 Class with each payment of wages and accurate statement listing the dates of work covered by that payment or wages; name of employee; name of employer; address and phone number of employer; rate of rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages, deductions, allowances, if any, claimed as part of the minimum wage; and net wages.

148.    Through their failure to provide Plaintiff and the Rule 23 Class with wage statements as required by the NYLL, Defendants have violated NYLL § 190, *et seq*. and the supporting New York State Department of Labor Regulations.

149.    Due to Defendants' violation of NYLL § 195(3), Plaintiff and the Rule 23 Class are each entitled to statutory penalties of $250.00 for each workweek that Defendants failed to provide them with accurate wage statements, or a total of $5,000 each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL § 198(1-d).

**SEVENTH CAUSE OF ACTION**
**New York Labor Law – Record Keeping Violations**
**(On Behalf of Plaintiff and the Rule 23 Class)**

150.     Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

151.     At all times relevant to this action, Defendants were and are required to establish, maintain and preserve for not less than six years, weekly payroll records that show for each employee, among other information, true and accurate payroll records and the number of hours worked daily and weekly, including the time of arrival and departure of each employee.  NYLL § 195(4); 12 N.Y.C.R.R. § 142-2.6.

152.     Defendants violated the applicable NYLL and NYCRR provisions by not maintaining and preserving Plaintiff's time of arrival and departure.

**EIGHTH CAUSE OF ACTION**
**NYLL – Retaliation**
**(On Behalf of Behalf of Plaintiff)**

153.     Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

154.     Plaintiff was an employee of Defendants within the meaning of the NYLL.

155.     Defendants are employers within the meaning of the NYLL.

156.     NYLL § 215(1) states, in part, "No employer or his or her agent, or the officer of agent of any corporation, partnership, or limited liability company…shall discharge, threaten, penalize or in any other manner discriminate or retaliate against any employee (i) because such employee has made a complaint to his or her employer…or his or her authorized representative…that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of this chapter…[or] (iii) because such employee has caused to be instituted or is about to institute a proceeding under or related to this chapter…or (v) because such employee has otherwise exercised rights protected under this chapter…"

157.     While employed by the Defendants, Plaintiff complained to the Defendants about Defendants' unlawful practices, policies and procedures of not being paid proper wages and misclassifying him as an independent contractor.

158.     Plaintiff's complaints to Defendants constitute protected activity under NYLL § 215.

159.     A causal connection exists between Plaintiff's complaints of improper pay practices and misclassification, and Defendants' decision to terminate his employment.

160.     Further, Defendants threatened Plaintiff after they became informed that Plaintiff was intending to commence a lawsuit against Defendants for improper pay practices and misclassification as an independent contractor.

161.     Defendants violated NYLL § 215 by retaliating against Plaintiff by threatening Plaintiff and terminating his employment due to his complaints about Defendants' unlawful pay practices, policies and procedures and misclassification as an independent contractor.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff individually, and on behalf of the FLSA Collective and Rule 23 Class, respectfully requests that this Court grant the following relief:

A.   Designating this action as a collective action on behalf of the FLSA Collective and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated non-exempt employees and appointing Plaintiff and his counsel to represent the FLSA Collective.  Such notice shall inform them that this civil action has been filed, the nature of the action, and their right to join this lawsuit if they believe they were denied proper wages.

B.   Certifying this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the Rule 23 Class and appointing Plaintiff and his counsel to represent the class;

C.   An order tolling the statute of limitations;

D.   A declaratory judgment that the practices complained of herein are unlawful under applicable state and federal law;

24

E.  Declaring that Defendants have violated the minimum wage provisions of the FLSA, NYLL and supporting New York State Department of Labor Regulations;

F.  Declaring that Defendants violated the overtime provisions of the FLSA, NYLL and supporting New York State Department of Labor Regulations;

G.  Declaring that Defendants violated the spread-of-hours pay provisions of the NYLL and New York State Department of Labor Regulations;

H.  Declaring that Defendants violated the notice provisions of the NYLL and Wage Theft Prevention Act;

I.  Declaring that the Defendants threatened and terminated Plaintiff due to his complaints of unlawful pay practices, policies and procedures and misclassification as an independent contractor and awarding Plaintiff a recovery for damages sustained;

J.  Enjoining future violations of the FLSA and NYLL by Defendants;

K.  Declaring that Defendants' violations of the FLSA and NYLL were willful;

L.  Awarding Plaintiff, the FLSA Collective and Rule 23 Class unpaid minimum wages;

M.  Awarding Plaintiff, the FLSA Collective and Rule 23 Class unpaid overtime wages;

N.  Awarding Plaintiff and the Rule 23 Class unpaid spread-of hours compensation;

O.  Awarding Plaintiff and the Rule 23 Class statutory penalties for Defendants failure to furnish wage notices and/or wage statements pursuant to the NYLL.

P.  Awarding Plaintiff, the FLSA Collective and Rule 23 Class liquidated and/or punitive damages in amount equal to the total amount of wages found to be due, pursuant to the FLSA and NYLL;

Q.  Awarding damages to the Plaintiff, retroactive to the date of his termination, for all lost wages and benefits resulting from the Defendants' unlawful employment practices in an amount that exceeds the jurisdictional limit of all lower courts;

R.  Awarding Plaintiff, the FLSA Collective and Rule 23 Class, reasonable attorney's fees, costs and expenses of the action under the FLSA and NYLL; and,

S.  Awarding Plaintiff, the FLSA Collective and Rule 23 Class pre-judgment and post-judgement interest under the FLSA and NYLL; and

T.  Awarding such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

      Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

Dated:  June 1, 2018
          New York, New York

                           **AKIN LAW GROUP PLLC**

                           */s/ Simi Bhutani*
                           _____
                           Simi Bhutani, Esq.
                           45 Broadway, Suite 1420
                           New York, NY 10006
                           Telephone:  (212) 825-1400

                           *Attorneys for Plaintiff*