UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
MOHAMMED ISLAM and MOHAMMED SIDDIK,
individually and on behalf of all others similarly situated,

                                                  Case No.: 18 CV 04895 (RA)

                         Plaintiffs,

        -against-

LX AVENUE BAGELS, INC. d/b/a TAL BAGELS,
AMIR RAM BAGELS, INC. d/b/a TAL BAGELS, TAL
ON 1ST INC. d/b/a TAL BAGELS, MOHAMMED
KAMAL, IMANUEL HALON, AMIR RAM, and
HOSSAM ZEBIB, in their individual capacities,

                       Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION AS A COLLECTIVE ACTION


                                                Travis Law PLLC
                                                *Attorneys for Defendants*
                                                80 Maiden Lane, Suite 304
                                                New York, New York 10038
                                                (212) 248-2120


*Of Counsel*:   Christopher Travis, Esq.
                   Joseph DeBlase, Esq.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................... i

PRELIMINARY STATEMENT ...............................................................................................1

STATEMENT OF FACTS .........................................................................................................2

ARGUMENT ..............................................................................................................................3

   I.   THE NAMES AND ADDRESSES OF PUTATIVE CLASS MEMBERS SHOULD NOT
       BE PROVIDED AND NOTICE SHOULD NOT BE SENT TO PUTATIVE CLASS
       MEMBERS SINCE PLAINTIFFS CANNOT DEMONSTRATE THEY ARE
       SIMILARLY SITUATED WITH RESPECT TO AN ILLEGAL POLICY OR
       PRACTICE TO THE GROUP THEY SEEK TO REPRESENT ........................................3

        A.   Names and Addresses Should Not Be Provided and Facilitation of Notice Should
             Not Be Granted Absent a Showing that Plaintiffs are Similarly Situated to the
             Group They Seek to Have Notified .......................................................................3

   II.  THERE IS NO BASIS FOR TOLLING THE STATUTE OF LIMITATIONS IN THIS
       CASE AND EXPANDING THE PUTATIVE CLASS TO A SIX YEAR PERIOD...........6

   III. PLAINTIFFS' PROPOSED NOTICE IS DEFECTIVE AS A MATTER OF LAW ...........6

        A.   The Proposed Notice Fails to Properly State Defendants' Position and Defenses...7

        B.   The Proposed Notice Improperly Expands the FLSA Statute of Limitations Period
             and Equitably Tolls the Statute of Limitations ......................................................8

        C.   The Proposed Notice Improperly Allows A 60-Day Opt-In Period ......................9

        D.   The Proposed Notice Fails to Alert Potential Opt-In Plaintiffs of Their Right
             to Separate Counsel and Fails to Include Contact Information for Defendants'
             Attorneys...............................................................................................................10

        E.   The Proposed Notice Fails to Limit the Distribution of the Notice to
             Regular Mail .........................................................................................................11

        F.   The Proposed Notice Fails to Make  the Opt-in Notices Returnable to
             the Court................................................................................................................12

CONCLUSION.........................................................................................................................12

i

# TABLE OF AUTHORITIES

**Cases**

*Anglada v. Linens N' Things, Inc.*, No. 06-cv-12901, 2007 WL 1552511 (S.D.N.Y. May 29, 2007) ................................................................................................................................. 3

*Anjum v. J.C. Penney Co.*, No. 13-cv-0460, 2014 WL 5090018, *40 (E.D.N.Y. Oct., 19, 2014) . 8

*Belcher v. Shoney's, Inc.*, 927 F.Supp. 249, 253 (M.D. Tenn. May 6, 1996) ................................ 8

*Boekemeier v. Fourth Universalist Soc'y in the City of N.Y.*, 86 F. Supp.2d 280, 288 (S.D.N.Y. Feb. 15, 2000) ..................................................................................................................... 6, 8

*Bowrin v. Catholic Guardian Soc.*, 417 F. Supp.2d 449, 475 (S.D.N.Y. March 2, 2006) ......... 6, 8

*Chime v. Peak Sec. Plus, Inc.*, 137 F.Supp.3d 183 (E.D.N.Y. Sept. 29, 2015) ............................. 9

*Debejian v. Atl. Testing Labs., Ltd.*, 64 F. Supp. 2d 85, 92 (N.D.N.Y. Aug. 27, 1999) ............. 6, 8

*Diaz v. Elecs. Boutique of Am., Inc.*, No. 04-cv-0840E, 2005 WL 2654270, at *3 (W.D.N.Y. Oct. 17, 2005) ................................................................................................................................. 3

*Diaz v. S&H Bondi's Dept. Store, Inc.*, No. 10-cv-7676, 2012 WL 137460 (S.D.N.Y. Jan. 18, 2012) ............................................................................................................................... 12

*Enriquez v. Cherry Hill Market Corp.*, No.10-cv-5616, 2012 WL 440691, at *4 (E.D.N.Y. Feb. 10, 2012) ................................................................................................................................. 8

*Evancho v. Sanofi-Aventis U.S. Inc.*, No. 07-cv-2266, 2007 WL 4546100, at *7 (D.N.J. Dec. 19, 2007) ............................................................................................................................... 4, 5

*Gayle v. Harry's Nurses Registry, Inc.*, No. 07-cv-4672, 2009 WL 605790, at *10 (E.D.N.Y. Mar. 9, 2009) .......................................................................................................................... 5

*Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 101, 107 (S.D.N.Y. Sept. 19, 2003) ............................................................................................................................... 10

*Gordon v. Kaleida Health*, 299 F.R.D. 380 (W.D.N.Y. Mar. 27, 2014) ...................................... 11

*Guzman v. VLM, Inc.*, No. 07-cv-1126, 2007 WL 2994278 (E.D.N.Y. Oct. 11, 2007) ............. 11

*Hallissey v. America Online, Inc.*, 2008 WL 465112, at 3* (S.D.N.Y. Feb. 19, 2008) ............... 12

*Hernandez v. Immortal Rise, Inc.*, No. 11-cv-4360, 2012 WL 4369746, at *6-7 (E.D.N.Y. Sept. 24, 2012) ................................................................................................................................. 9

*Hinterberger v. Catholic Health Sys.*, 299 F.R.D. 22 (W.D.N.Y. Mar. 27, 2014) ...................... 11

*Hoffman v. Sbarro, Inc.*, 982 F.Supp. 249 (S.D.N.Y. Oct. 22, 1997) .............................................. 3

*Hoffmann-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989) ............................................ 6, 12

*Horne v. United Servs. Auto. Ass'n*, 279 F.Supp.2d 1231, 1233 (M.D. Ala. Aug 27, 2003) ...... 7

*Jacobsen v. Stop & Shop Supermarket Co.*, No. 02-cv-5915, 2003 U.S. Dist. LEXIS 7988, at *3 (S.D.N.Y. May 14, 2003) ........................................................................................................ 4

*Ji Li v. Ichiro Rest., Inc.*, No. 14-cv-10242, 2015 WL 6828056 (S.D.N.Y. Nov. 5, 2015) ........... 9

*Karvaly v. eBay, Inc.*, 245 F.R.D. 71, 91 (E.D.N.Y. Sept. 6, 2007) ........................................... 11

*Lujan v. Cabana Mgmt.*, No. 10-cv-755, 2011 WL 317984, *37 (E.D.N.Y. Feb. 1, 2011) ....... 10

*McGlone v. Contract Callers, Inc.*, 867 F.Supp.2d 438, 445 (S.D.N.Y. 2012) ............................ 9

*McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988) ......................................................... 6, 9

*Mike v. Safeco Ins. Co. of America*, 274 F.Supp.2d 216, 220 (D. Conn. July 15, 2003) ............... 4

*Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010) ............................................................. 7

*Prizmic v. Armour, Inc.*, No. 05-cv-2503, 2006 WL 1662614, at *4 (E.D.N.Y. June 12, 2006) . 3, 5

*Ritz v. Mike Rory Corp.*, No. 12-cv-367, 2013 1799974 (E.D.N.Y. Apr. 30, 2013) ..................... 9

*Ruggles v. WellPoint, Inc.*, 591 F.Supp.2d 150 (N.D.N.Y. Nov. 6, 2008) ................................. 12

*Scholtisek v. Eldre Corp.*, 229 F.R.D. 381 (W.D.N.Y. Feb. 4, 2005) ........................................... 4

*Sobczak v. AWL Indus., Inc.,* 540 F.Supp.2d 354, 362 (E.D.N.Y. Oct. 22, 2007) ......................... 5

**Statutes**
29 U.S.C. § 216(b) ........................................................................................................................ 4

**PRELIMINARY STATEMENT**

Defendants LX Avenue Bagels, Inc. d/b/a Tal Bagels and Amir Ram Bagels, Inc. d/b/a Tal Bagels (collectively, "Tal Bagels") operate 2 bagel stores on the Upper East Side of Manhattan. Tal Bagels has been in existence since 1991. Tal Bagels provides employment opportunities to immigrant workers and did so to the main plaintiff in this case, Mohammed Islam, who came to the United States from Bangladesh and was hired by Tal Bagels in 1996.  Tal Bagels provided Islam with the opportunity to work himself up from a counter worker to a manager first in Tal Bagels' 86th Street location and then the sole manager of Tal Bagels' 1228 Lexington Avenue, New York, NY location.  As the sole manager of the Lexington Avenue location from 2013 to 2017 when he left, Islam supervised 16 to 18 employees and possessed complete hiring and firing authority over those employees. Moreover, Islam had complete discretion whether an employee should receive a raise or a promotion. Among his other managerial duties, Islam oversaw all the books and records for the store, he prepared and paid payroll, he ordered all materials and supplies for the store and he negotiated with all of the vendors for the store. He was in all respects the sole manager for the store and as such, an exempt employee under the FLSA.

Plaintiff Mohammed Siddik is unknown to Defendants. To the extent he ever worked for Tal Bagels (and Tal has no record of him every working for the company), he worked exclusively for Plaintiff Mohammed Islam, perhaps only for the purpose of bringing this lawsuit. Neither Islam nor Siddik worked for defendant Tal on 1st, Inc.

Based on the claims of Islam, a salaried managerial employee who is exempt under the FLSA, and the claims of Siddik, whom Defendants have no record of working for the company, Plaintiffs ask this Court to direct Defendants to provide the names and addresses and to post notices to putative class members consisting of all of Tal Bagels' regular hourly-paid employees despite

1

the fact that (i) Plaintiffs have made no showing or even an allegation <u>that any</u> of these employees were improperly paid and (ii) Plaintiffs' amended complaint contains no allegation that Tal Bagels' employees were not paid the correct minimum and overtime wages

As set forth above, there is nothing similar about Plaintiff Islam, who was a manager and paid a salary, Plaintiff Siddik, whom Defendants have no record of, and Tal Bagels' hourly employees.  It is Plaintiffs' burden to present evidence demonstrating that the putative class of all Tal Bagels' employees from June 1, 2012 to the present for whom they seek names and addresses and notices, and effectively conditional certification to represent, are similarly situated to the Plaintiffs.

## STATEMENT OF FACTS

### A.  Mohammed Islam

Islam was hired by Tal Bagels when he came to the United States in 1996. He worked for the company for the next 21 years. Tal Bagels provided Islam the opportunity to work himself up the position of counter person to the position of manager of Tal Bagels' 86th street location and then the sole manager of Tal Bagels' Lexington Avenue location.

From 2013 until Islam resigned his position in October 2017, Islam was the sole manager of Tal Bagels' Lexington Avenue store. As manager, Islam received a salary of $1,000 per week from 2009 until January 2013. From January 2013 through December 2014 he received $1,200 per week. From January 2015 through June 2017 he received $1,350 per week and from June 2017 through September 2017 he received $1,500 per week – amounts far above the executive exemption salary threshold.  Moreover, Islam received W2's.

As the sole manager of the Lexington Avenue store, Islam supervised 16 to 18 employees and possessed complete hiring and firing authority over those employees. Islam had complete

discretion whether an employee should receive a raise or a promotion. Among his other managerial duties, Islam oversaw all the books and records for the store, he paid payroll, he ordered all materials and supplies for the store and he negotiated with all of the vendors for the store. He was in all respects the sole manager for the store and as such, an exempt employee under the FLSA.

**B.  Mohammed Siddik**

Plaintiff Mohammed Siddik is unknown to Defendants. Defendants have no record of him working for the company. To the extent he worked for Tal Bagels, he would have been hired by and worked exclusively for plaintiff Islam.

## <u>ARGUMENT</u>

**I.     THE NAMES AND ADDRESSES OF PUTATIVE CLASS MEMBERS SHOULD NOT BE PROVIDED AND NOTICE SHOULD NOT BE SENT TO PUTATIVE CLASS MEMBERS SINCE PLAINTIFFS CANNOT DEMONSTRATE THEY ARE SIMILARLY SITUATED WITH RESPECT TO AN ILLEGAL POLICY OR PRACTICE TO THE GROUP THEY SEEK TO REPRESENT.**

**A.  Names and Addresses Should Not Be Provided and Facilitation of Notice Should Not Be Granted Absent a Showing that Plaintiffs are Similarly Situated to the Group They Seek to Have Notified.**

A court may facilitate notice only if a plaintiff demonstrates that he or she is sufficiently "similarly-situated" to the putative class. *See Prizmic v. Armour, Inc.*, No.  05-cv-2503, 2006 WL 1662614, at *4 (E.D.N.Y. June 12, 2006); *Anglada v. Linens N' Things, Inc.*, No. 06-cv-12901, 2007 WL 1552511 (S.D.N.Y. May 29, 2007).  Plaintiff bears the burden of making this showing. *See*, *Diaz v. Elecs. Boutique of Am., Inc.*, No. 04-cv-0840E, 2005 WL 2654270, at *3 (W.D.N.Y. Oct. 17, 2005); *Hoffman v. Sbarro, Inc.*, 982 F.Supp. 249 (S.D.N.Y. Oct. 22, 1997).  The decision to authorize notice to a multitude of individuals is by no means automatic, and the Court has broad discretion to determine whether notice is appropriate. *Prizmic*, 2006 WL 1662614, at *4; *See also*

*Evancho v. Sanofi-Aventis U.S. Inc.*, No. 07-cv-2266, 2007 WL 4546100, at *7 (D.N.J. Dec. 19, 2007).  Under 29 U.S.C. § 216(b), Plaintiff must present "substantial allegations" to demonstrate that "[they] and potential plaintiffs together were victims of a common policy or plan that violated the law."  *Scholtisek v. Eldre Corp.*, 229 F.R.D. 381 (W.D.N.Y. Feb. 4, 2005) (quoting *Hoffman v. Sbarro, Inc.*, 982 F.Supp. at 261) (emphasis added).  This showing requires "actual evidence of a factual nexus between [Plaintiffs'] situation and those that [they claim] are similarly situated, rather than mere conclusory allegations."  *Prizmic*, 2006 WL 1662614, at *7 (emphasis added); accord, *Diaz*, 2005 WL 2654270 at *3.

The individuals for whom Plaintiffs seek conditional certification – all of Tal Bagels' regular hourly employees – are not similarly situated to either plaintiff.  Islam was a salaried manager, not an hourly worker and Defendants have no record of Siddik even working for the company.  Accordingly, Plaintiffs' request should be denied.

Invoking what Plaintiffs characterize to be a "low burden for conditional certification", Plaintiffs seek to expand the conditional class for notice to all Tal Bagels' employees based upon the allegations of a salaried manager and someone who did not even work for the company.  To be entitled to have notices sent to these employees, Plaintiffs must demonstrate that: (i) Tal Bagels violated the FLSA with respect to these alleged employees; and (ii) assuming there were any violations, that the employees were similarly situated to one another vis-a-vis the application of a uniform, illegal policy or practice.  *See Mike v. Safeco Ins. Co. of America*, 274 F.Supp.2d 216, 220 (D. Conn. July 15, 2003) (denying motion to proceed as a collective action and noting that for the purposes of authorizing notice, plaintiffs must demonstrate that they "were victims of a common policy or plan that violated the law") (quoting *Hoffman v. Sbarro, Inc.*, 982 F. Supp. at 261); *accord Scholtisek*, 229 F.R.D. at 387 (same); *Jacobsen v. Stop & Shop Supermarket Co.*, No.

02-cv-5915, 2003 U.S. Dist. LEXIS 7988, at *3 (S.D.N.Y. May 14, 2003) (same).  "In other words, the court must be satisfied that there is a basis to conclude that questions common to a potential group of plaintiffs would predominate a determination of the merits in th[e] case."  *Mike*, 274 F.Supp.2d at 220.  Plaintiffs have failed to demonstrate the above requirements that would justify class notices being sent. *See Prizmic*, 2006 WL 1662614, at *6; *see also Evancho,* 2007 WL 4546100, at *7 ("[u]nsupported assertions of widespread violations are not sufficient").

While Plaintiffs' burden "at this initial stage is minimal, and generally courts in this Circuit require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan," Plaintiffs have failed to meet this burden. *Sobczak v. AWL Indus., Inc.,* 540 F.Supp.2d 354, 362 (E.D.N.Y. Oct. 22, 2007) (internal quotation marks and citations omitted); *see Gayle v. Harry's Nurses Registry, Inc.,* No. 07-cv-4672, 2009 WL 605790, at *10 (E.D.N.Y. Mar. 9, 2009).  Here, other than blanket conclusory statements, there is absolutely no allegation or showing that any employees were "the victims of a single decision, policy or plan." *Id*.

For purposes of conditional certification, Plaintiff has not sufficiently demonstrated a modest factual nexus between the named plaintiff and the proposed putative class members to support a preliminary determination that they were victims of a common policy, plan or practice that violated the law. Plaintiffs have not presented sufficient evidence that Plaintiffs and the potential plaintiffs held the same or similar positions, were subject to the same policies and were not paid the federal minimum wage and did not receive overtime compensation in violation of the FLSA.  There has been no showing that Tal Bagels' regular hourly workers were not paid the federal minimum wage or overtime compensation.

## II.   THERE IS NO BASIS FOR TOLLING THE STATUTE OF LIMITATIONS IN THIS CASE AND EXPANDING THE PUTATIVE CLASS TO A SIX YEAR PERIOD

Plaintiffs suggest that the Court should toll the two (2) year statute of limitations generally applicable to FLSA claims and instead substitute a more than six (6) year period for notice to potential class members. Plaintiffs are entitled to expand the statute of limitations to three (3) years only upon showing of a willful violation or that Defendants willfully blinded Plaintiffs to their rights under the FLSA.  There has not been such a showing in this case and Plaintiffs should be precluded from improperly expanding the FLSA statute of limitations at this preliminary stage. *Bowrin v. Catholic Guardian Soc.*, 417 F. Supp.2d 449, 475 (S.D.N.Y. March 2, 2006) (*citing Boekemeier v. Fourth Universalist Soc'y in the City of N.Y.*, 86 F. Supp.2d 280, 288 (S.D.N.Y. Feb. 15, 2000); *Debejian v. Atl. Testing Labs., Ltd.*, 64 F. Supp. 2d 85, 92 (N.D.N.Y. Aug. 27, 1999) (finding "plaintiff bears the burden of proving 'that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute.'") (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988)).

## III.   PLAINTIFFS' PROPOSED NOTICE IS DEFECTIVE AS A MATTER OF LAW

Plaintiffs' proposed notice is defective in several respects and should be denied as written. Plaintiffs' proposed notice is defective because it:  (A) fails to properly state the defendants' position and defenses; (B) improperly calls for a six-year time statute of limitations period;  (C) improperly applies a 60-day opt-in period;  (D) fails to include contact information for Defendants' attorneys; (E) fails to limit distribution of the collective notice to regular mail; and (F) fails to make executed opt-in notices returnable to the Court.  *Hoffmann-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989) (district courts "have discretion, *in*

*appropriate cases* ... to implement" the collective action mechanism under FLSA § 216(b) "by facilitating notice to potential plaintiffs") (emphasis added); *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010) (nothing in the FLSA requires court-authorized notice, although it "may be a useful 'case management' tool for district courts to employ in 'appropriate cases'") (*citing Hoffmann-LaRoche*, 493 U.S. at 169); *Horne v. United Servs. Auto. Ass'n*, 279 F.Supp.2d 1231, 1233 (M.D. Ala. Aug 27, 2003) ("The power to authorize notice must, however, be exercised with discretion and only in appropriate cases").

**A.      The Proposed Notice Fails to Properly State Defendants' Position and Defenses**

The proposed notice fails to properly articulate Defendants' position and defenses and should be denied as written on this basis.  Courts within the Second Circuit require that the notice contain a full and balanced disclosure of all parties' positions and defenses because the notice may be the first communication potential opt-in plaintiffs receive about the lawsuit. Plaintiffs attempt to impermissibly bias potential opt-in plaintiffs by declaring the prospective class to be all persons employed by Tal Bagels since June 1, 2012, "who may have worked for one of Tal Bagels' locations, in a job similar to the ones held by Plaintiffs."  But Plaintiffs' positions are misclassified since Plaintiff Islam was a manager, exempt from the FLSA, and Siddik was not an employee of Tal Bagels.

Moreover, Plaintiffs' proposed inclusion of a brief statement that Defendants deny Plaintiffs' claims is insufficient. The class members should be made aware of Tal Bagels' position, i.e., that Plaintiff Islam was paid correctly and not entitled to overtime and minimum wage under any law as an exempt employee.  Tal Bagels respectfully submits that the following language should be included:

Tal Bagels denies Plaintiffs' claims that they failed to receive minimum wages and overtime as required by law.  Tal Bagels maintains that Plaintiff Islam was exempt from federal and state minimum  wage and overtime  laws because he was a manager, and not an employee similarly situated to other employees of Tal Bagels.  Plaintiff Siddik was not an employee of Tal Bagels, and to the extent he worked for Tal Bagels, he would have been hired by and worked exclusively for plaintiff Islam, and thus is not similarly situated to other employees. Tal Bagels believes that all their employees have been paid appropriately and that Plaintiffs' suit is improper. Defendants intend to ask that the Court to decertify the collective action as soon as possible, as they have the right to do.  The Court has not made any determinations on the merits regarding any of Plaintiffs' claims.  Receipt of this notice does not indicate an entitlement to recovery.

*Enriquez v. Cherry Hill Market Corp.*, No.10-cv-5616, 2012 WL 440691, at \*4 (E.D.N.Y. Feb. 10, 2012) (ordering amended notice to properly reflect defendants' position); *Anjum v. J.C. Penney Co.*, No. 13-cv-0460, 2014 WL 5090018, \*40 (E.D.N.Y. Oct., 19, 2014) (same); *Belcher v. Shoney's, Inc.*, 927 F.Supp. 249, 253 (M.D. Tenn. May 6, 1996) (authorizing notice that included statement of employer's affirmative defenses); *Belt v. EmCare, Inc.*, 299 F. Supp. 2d 664, 671 (E.D. Texas Dec. 18, 2003) (same).

**B.    The Proposed Notice Improperly Expands the FLSA Statute of Limitations Period and Equitably Tolls the Statute of Limitations**

Plaintiffs improperly provide a six-year statute of limitations period for the proposed collective action and the notice should be denied as written on this basis.  The FLSA statute of limitations is two years.  Plaintiffs are entitled to expand the statute of limitations to three years only upon showing of a willful violation or that Defendants willfully blinded Plaintiffs to their rights under the FLSA.  There has not been such a showing in this case and Plaintiffs should be precluded from improperly expanding the FLSA statute of limitations at this preliminary stage. *Bowrin v. Catholic Guardian Soc.*, 417 F. Supp.2d 449, 475 (S.D.N.Y. March 2, 2006) (*citing Boekemeier v. Fourth Universalist Soc'y in the City of N.Y.*, 86 F. Supp.2d 280, 288 (S.D.N.Y. Feb. 15, 2000); *Debejian v. Atl. Testing Labs., Ltd.*, 64 F. Supp. 2d 85, 92 (N.D.N.Y. Aug. 27,

1999) (finding "plaintiff bears the burden of proving 'that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute.'") (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988)).

Plaintiffs improperly expand the temporal scope of the FLSA claims by potential opt-in plaintiffs to six years from the filing of the complaint and the notice should be denied as written on this basis.  As a matter of law, the statute of limitations for FLSA claims is not tolled from the filing of the motion until the deadline for potential opt-in plaintiffs expires, as Plaintiffs suggest, but rather continues to run *until the order granting conditional certification* is entered.  Any statute of limitations with respect to a conditional class must be measured from the date of the court's granting of the motion for conditional certification.  *Chime v. Peak Sec. Plus, Inc.*, 137 F.Supp.3d 183 (E.D.N.Y. Sept. 29, 2015); *Ritz v. Mike Rory Corp.*, No. 12-cv-367, 2013 1799974 (E.D.N.Y. Apr. 30, 2013) ("[U]nder the FLSA, the notice period generally should be measured from the date of the court's order granting the motion for conditional certification, not from the date that the complaint was filed") (*citing Hernandez v. Immortal Rise, Inc.*, No. 11-cv-4360, 2012 WL 4369746, at *6-7 (E.D.N.Y. Sept. 24, 2012)), reconsideration denied 2013 WL 1968493 (E.D.N.Y. May 13, 2013); *see also McGlone v. Contract Callers, Inc.*, 867 F.Supp.2d 438, 445 (S.D.N.Y. 2012) (Equitably tolling the statute of limitations period on putative class members' claims as of the date of the filing of the conditional certification motion).

## C.    The Proposed Notice Improperly Allows A 60-Day Opt-In Period

Plaintiffs' proposed notice improperly provides potential opt-in plaintiffs sixty (60) days to execute the Plaintiffs' Consent Form and join the collective action.  Plaintiffs do not provide sufficient reason to provide such a lengthy period to execute the opt-in consent form and their request for a 60-day opt-in period should be denied.  *Ji Li v. Ichiro Rest., Inc.*, No. 14-cv-10242,

9

2015 WL 6828056 (S.D.N.Y. Nov. 5, 2015) (denying proposed notice and ordering plaintiffs to "amend their notice to indicate that opt-in plaintiffs must consent to join the action within forty-five days from the date notice is mailed.").

**D.     The Proposed Notice Fails to Alert Potential Opt-In Plaintiffs of Their Right to Separate Counsel and Fails to Include Contact Information for Defendants' Attorneys**

Plaintiffs' proposed notice fails to clearly advise potential opt-in plaintiffs of their right to obtain separate counsel and should be denied as written on this basis.  As a matter of law, potential opt-in plaintiffs have the right not only to consult with separate counsel but also to be represented by separate counsel in the collective action and to join the lawsuit through separate counsel.  Plaintiffs' notice which states that to join the collective action lawsuit, the opt-in plaintiff must fill out and return the "Consent to Join Lawsuit" form to Plaintiffs' counsel is confusing to a potential opt-in plaintiff, though later in the proposed notice it states the individual may hire another attorney.  Furthermore, with respect to the Consent To Join Form, the proposed notice states, "If you send back your form but do not indicate that you intend to retain your own lawyer or to represent yourself, the Court will assume you want Akin Law Group PLLC to represent you," and thereby creates confusion for the reader and assumes the reader's intent to retain Plaintiffs' counsel. Accordingly, Plaintiffs' notice is defective and should be denied as a matter of law. Tal Bagels respectfully submits that the following language should be added to the notice:

> You have a right to consult with another attorney, or to hire another attorney to represent you. If you do so, any fee arrangement would have to be worked out between you and that attorney. If you recover money from Defendants, Defendants may be required to pay your attorney's fees, whether you hire Akin Law Group PLLC, or another attorney.

*Lujan v. Cabana Mgmt.*, No. 10-cv-755, 2011 WL 317984, *37 (E.D.N.Y. Feb. 1, 2011);

*Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 101, 107 (S.D.N.Y. Sept. 19, 2003)

(ordering notice to state, "you can join this lawsuit by counsel of your own choosing. If you do so, your attorney must file an 'opt-in' consent form...").

Moreover, the contact information for Defendants' counsel should be included, with notice to the potential opt-in plaintiffs that they should not contact Defendants' attorneys directly if they choose to join the collective action.   Tal Bagels respectfully submits that the following language should be added:

> Travis Law PLLC represents the Defendants in this case. If you choose to join this case, you should not contact the Defendants' lawyers directly yourself.

*Guzman v. VLM, Inc.*, No. 07-cv-1126, 2007 WL 2994278 (E.D.N.Y. Oct. 11, 2007) (citing *Gjurovich*, 282 F. Supp. 2d 101 (ordering defendants' contact information to be included in notice).

## E.     The Proposed Notice Fails to Limit the Distribution of the Notice to Regular Mail

Plaintiffs' request that the notice should be emailed and posted in all three of Defendants' locations should be denied as improper.   Plaintiffs have failed to make the requisite showing of special circumstances in this case and their request to post notice should be denied on this basis. *Hinterberger v. Catholic Health Sys.*, 299 F.R.D. 22 (W.D.N.Y. Mar. 27, 2014) (finding that "[h]istorically,  first  class mailing has been utilized because it provides a controlled method by which individual notification can be provided through a reliable process which ensures that proper notice is received by the potential class members") (*citing Karvaly v. eBay, Inc.*, 245 F.R.D. 71, 91 (E.D.N.Y. Sept. 6, 2007)); *Gordon v. Kaleida Health*, 299 F.R.D. 380 (W.D.N.Y. Mar. 27, 2014) (same).

11

**F.      The Proposed Notice Fails to Make  the Opt-in Notices Returnable to the Court**

Plaintiffs' failure to have the notices returnable to the Court is improper and should be denied.  This Court has denied previous requests to make notices returnable to Plaintiffs' counsel because it discourages opt-in plaintiffs from selecting their own counsel.  *Diaz v. S&H Bondi's Dept. Store, Inc.*, No. 10-cv-7676, 2012 WL 137460 (S.D.N.Y. Jan. 18, 2012) (directing consent forms to be mailed to the Clerk of the Court); *Hallissey v. America Online, Inc.*, 2008 WL 465112, at 3* (S.D.N.Y. Feb. 19, 2008) (requiring consent forms to be mailed to the Clerk of the Court because a contrary ruling might discourage opt-in plaintiffs from retaining their own counsel).

Upon conditional certification and proper notice, Plaintiffs should cease and desist from initiating all unauthorized communication to putative collective action members, specifically the use of email, phone, and social security numbers to contact potential members. *See e.g., Hoffmann-La Roche*, 493 U.S. at 171 (finding that once suit is filed, the district court has "managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way."); *Ruggles v. WellPoint, Inc.*, 591 F.Supp.2d 150 (N.D.N.Y. Nov. 6, 2008) (ordering plaintiffs' counsel to cease and desist sending notice to the putative class as unauthorized communication by plaintiffs' counsel can lead to abuse and confusion as such communication can easily diverge from the balanced approach which the Court's notice will express).

<u>CONCLUSION</u>

Accordingly, for the foregoing reasons, Defendants respectfully request that Plaintiffs' Motion for Conditional Certification as a Collective Action be denied in its entirety, together with such other and further relief as this Court may deem necessary and proper.

12

Dated: August 5, 2019
        New York, New York

                                        TRAVIS LAW PLLC


                                        _____/s/_____
                                        By: Christopher Travis
                                            Joseph DeBlase
                                        80 Maiden Lane, Suite 304
                                        New York, New York 10038
                                        (212) 248-2120

13