# TRAVIS LAW PLLC

80 Maiden Lane, Suite 304
New York, New York 10038
Tel: (212) 248-2120
www.travislawnyc.com

November 18, 2019

VIA ECF

Hon. Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

MEMO ENDORSED

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/19/19

Re:   *Islam v. LX Avenue Bagels, Inc., et al.*
      Case No.: 18-cv-04895-RA

Dear Judge Abrams:

Our firm represents the Defendants in the above-referenced action. We write to inform Your Honor and Plaintiffs, that defendants LX Avenue Bagels, Inc., Amir Ram Bagels, Inc., and Tal on 1st Inc. (the "Corporate Defendants" or "Debtors") have recently filed for bankruptcy in the Eastern District of New York on November 8 and 9, 2019. Attached are the Notices of Bankruptcy Case Filings for the Corporate Defendants. Accordingly, the individual defendants Mohammed Kamal, Imanuel Halon, Amir Ram, and Hossam Zebib (the "Individual Defendants"), request to extend the automatic stay effective in the chapter 11 cases of the Corporate Defendants to the Individual Defendants. It should be noted that all relevant payroll records and other documents are property only of the Debtors and are protected by the automatic stay.

Courts have joined suit against a non-debtor under the general premise that suit should not be permitted when it threatens the possibility of successful reorganization. *See In Re Lazarus Burman Associates*, 161 B.R. 891, 898 (E.D.N.Y. 1993); *see also Galvez v. Kem Rest., Inc., et al.* (Case No. 17-cv-1514 [JMF]); and *Salazr, et al. v. 203 Lena Inc., et al.* (Case No. 16-cv-07743 [RWS]). The standard for application of the automatic stay to non-debtor codefendants, like the Individual Defendants, was established by the Second Circuit in *Queenie, Ltd. v. Nygard Int'l.*, 321 F.3d 282 (2d Cir. 2003). The automatic stay pursuant to 11 U.S.C. § 362(a), invoked by virtue of a bankruptcy filing, can be extended to non-debtors under certain circumstances.

Generally, "a suit against a codefendant is not automatically stayed by the debtor's bankruptcy filing." *Queenie, Ltd. v. Nygard Int'l.*, 321 F.3d at 287 (internal quotation marks omitted); *accord Springer v. Code Rebel Corp.*, No. 16 Civ. 3492, 2017 WL 838197, at 3 (S.D.N.Y. Mar. 2, 2017). However, the automatic stay can apply to non-debtors when a claim against the non-debtor "will have an immediate adverse economic consequence for the debtor's estate," such as where "there is such identity between the debtor and the third-party defendant that

the debtor may be said to be the real party defendant." *Queenie*, 321 F.3d at 287-88 (internal citations omitted).

Three examples of an adverse economic impact are (1) claims to establish an obligation where the debtor is a guarantor, (2) a claim against the debtor's insurer, and (3) where there is an identity between the party defendant and the debtor such that the debtor may be said to be the real party defendant. *Rentrak Corp. v. Ladieu (In re Ladieu)*, Case No. 07-10868, Adv. Pro. No. 08-1010 (Bankr. D. Vt. June 17, 2011) *citing Queenie*.

Under appropriate circumstances, Bankruptcy Courts have also enjoined suit against a non-debtor pursuant to 11 U.S.C. § 105(a) under the general premise that suit should not be permitted when it threatens the possibility of successful reorganizations. *See In Re Lazarus Burman Associates*, 161 B.R. 891, 898 (E.D.N.Y. 1993) (and citing numerous other cases enjoining third party suits). The Bankruptcy Court found relevant that "[i]n many of the cases cited above, the actions against principals were enjoined where their time and energy was important to the rehabilitation of a debtor's business or to the formulation of a plan reorganization." *Id*.

The analysis that this Court should undertake is whether the Individual Defendants are "absentee owners" or they are sufficiently involved with the day to day operations of the Corporate Defendants playing a central role in their reorganization. *See, e.g., In re United Health Care Org.*, 210 B.R. 228 (S.D.N.Y. 1997) (staying actions against two non-debtor defendants where debtor corporation's successful reorganization was contingent upon the contribution of defendants' personal assets and efforts).

The facts of this case support the extension of the automatic stay to cover the non-debtor individual codefendants. All discovery in connection with this case will be of the Debtors – not the Individual Defendants in their individual capacities. The payroll records, time records, and all typical FLSA evidence is with the Debtors not the individuals. Additionally, the Debtors are reorganizing in chapter 11. See, for example, the Court in *Uto v. Job Site Services, Inc.*, 444 B.R. 222 (E.D.N.Y. 2011) declined to extend the automatic stay because the debtor was liquidating in chapter 7.

The bankruptcies, filed on November 8 and 9, 2019, are in the early stages, and the Corporate Defendants should be afforded a breathing spell to determine whether, in bankruptcy, they can reorganize and propose a plan to pay creditors. All four individual defendants are essential to the operations of the Corporate Defendants and work at the businesses. Removing the services of any of them from the day to day operations would negatively impact the ability of the Corporate Defendants to reorganize.

Finally, as a matter of judicial economy and to promote the due administration of this case and each Bankruptcy Case, all matters should be dealt with by the Bankruptcy Court because, practically speaking it makes no sense to have two different cases proceeding on two different tracks.

We therefore request that Your Honor continue the stay of this entire matter. This was the reasoning in the order entered in *Bernal v. Tres Amigos Corp., et al.*, which we have attached hereto.

                Respectfully submitted,

                /s/

                Christopher R. Travis

Enclosures

cc: All counsel of record (*via* ECF)

---

If Plaintiffs oppose Defendants' request to continue the automatic stay and intend to file a response, they shall do so no later than November 25, 2019.

SO ORDERED.

_____
Hon. Ronnie Abrams
11/19/2019

United States Bankruptcy Court
Eastern District of New York

## Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed below was filed under Chapter 11 of the United States Bankruptcy Code, entered on 11/09/2019 at 12:32 AM and filed on 11/09/2019.

**Amir Ram Bagels Inc.**
333 E 86th Street
New York, NY 10028
Tax ID / EIN: 13-3608145



The case was filed by the debtor's attorney:

**Lawrence Morrison**
87 Walker Street Floor 2
New York, NY 10013
212-620-0938

The case was assigned case number 1-19-46770-cec to Judge Carla E. Craig.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available at our *Internet* home page https://ecf.nyeb.uscourts.gov/ or at the Clerk's Office, 271-C Cadman Plaza East, Suite 1595, Brooklyn, NY 11201-1800.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth important deadlines.

**Robert A. Gavin, Jr.**
**Clerk, U.S. Bankruptcy Court**

| PACER Service Center |
|---|
| Transaction Receipt |
| 11/11/2019 12:07:53 |

| PACER Login: | lfmorrison2007:2588979:0 | Client Code: | |
|---|---|---|---|
| Description: | Notice of Filing | Search Criteria: | 1-19-46770-cec |
| Billable Pages: | 1 | Cost: | 0.10 |

United States Bankruptcy Court
Eastern District of New York

## Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed below was filed under Chapter 11 of the United States Bankruptcy Code, entered on 11/09/2019 at 12:52 AM and filed on 11/09/2019.

**TAL ON 1ST INC.**
357 1st Avenue
New York, NY 10010
Tax ID / EIN: 46-4894986



The case was filed by the debtor's attorney:

**Lawrence Morrison**
87 Walker Street Floor 2
New York, NY 10013
212-620-0938

The case was assigned case number 1-19-46771-nhl to Judge Nancy Hershey Lord.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available at our *Internet* home page https://ecf.nyeb.uscourts.gov/ or at the Clerk's Office, 271-C Cadman Plaza East, Suite 1595, Brooklyn, NY 11201-1800.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth important deadlines.

**Robert A. Gavin, Jr.**
**Clerk, U.S. Bankruptcy Court**

| PACER Service Center |
|---|
| Transaction Receipt |
| 11/11/2019 12:08:36 |

| PACER Login: | lfmorrison2007:2588979:0 | Client Code: | |
|---|---|---|---|
| Description: | Notice of Filing | Search Criteria: | 1-19-46771-nhl |
| Billable Pages: | 1 | Cost: | 0.10 |

United States Bankruptcy Court
Eastern District of New York

## Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed below was filed under Chapter 11 of the United States Bankruptcy Code, entered on 11/08/2019 at 6:09 PM and filed on 11/08/2019.

**LX AVENUE BAGELS INC.**
21-53 23RD STREET
ASTORIA, NY 11105
Tax ID / EIN: 42-1537214



The case was filed by the debtor's attorney:

**Lawrence Morrison**
87 Walker Street Floor 2
New York, NY 10013
212-620-0938

The case was assigned case number 1-19-46769.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available at our *Internet* home page https://ecf.nyeb.uscourts.gov/ or at the Clerk's Office, 271-C Cadman Plaza East, Suite 1595, Brooklyn, NY 11201-1800.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth important deadlines.

**Robert A. Gavin, Jr.**
**Clerk, U.S. Bankruptcy Court**

| PACER Service Center |
|---|
| Transaction Receipt |
| 11/08/2019 18:09:16 |

| PACER Login: | lfmorrison2007:2588979:0 | Client Code: | |
|---|---|---|---|
| Description: | Notice of Filing | Search Criteria: | 1-19-46769 |
| Billable Pages: | 1 | Cost: | 0.10 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CAMILO BERNAL,

        Plaintiff,

-against-

TRES AMIGOS CORP., *d/b/a La Pulperia*, TRES MOSQUETEROS CORP., *d/b/a La Pulperia*, CARLOS BARROZ, *individually*, VICTOR MEDINA, *individually*, ATHONY MEA, JR., *individually*,

        Defendants.

**ORDER**

18 Civ. 9567 (ER)

Ramos, D.J.:

    For the reasons stated on the record at the hearing held on April 3, 2019, this matter is STAYED with regard to all Defendants pending the resolution of the Chapter 11 bankruptcy proceedings. The parties are ordered to notify the Court within forty-eight hours of each bankruptcy proceedings' resolution.

    It is SO ORDERED.

Dated:    April 3, 2019
            New York, New York

                                                  Edgardo Ramos, U.S.D.J